Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 140 | **DATE** | 5/1/2000 |
| **CASE TITLE** | COILCRAFT INC. vs. INDUCTOR WAREHOUSE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Coilcraft's motion to amend its complaint a second time is granted. Inductor's motion for attorney's fees is denied without prejudice. [38-1].
     Status hearing set for 5/22/00 at 9:30a.m

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 0 4 2000 date docketed | 46 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COILCRAFT INCORPORATED ) | |
| ) | |
| Plaintiff, ) | No. 98 C 140 |
| ) | Judge Ronald A. Guzman |
| INDUCTOR WAREHOUSE ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**

**MAY 0 4 2000**

## MEMORANDUM OPINION AND ORDER

Pending is Coilcraft, Incorporated's ("Coilcraft") motion for leave to file its second amended complaint pursuant to Fed. R. Civ. Proc. 15(a). For the reasons set forth below this motion is granted.

## BACKGROUND FACTS

This is an action for trademark infringement, unfair competition and deceptive business practices arising out of defendant Inductor Warehouse's ("Inductor") alleged unauthorized use of Coilcraft's trademark in advertisements and in the sale of non-conforming and second hand Coilcraft electronic components as new Coilcraft electronic components, Inductor's falsely holding itself out as an authorized distributor of Coilcraft electronic components, Inductor's false

1

46

advertising in representing that its private label components are equal to Coilcraft components, and Inductor's deceptive scheme of selling non-Coilcraft electronic components or non-conforming Coilcraft components obtained on the secondary market to customers who expect to receive first-quality Coilcraft components.

In January of 1998, Coilcraft filed their initial complaint against Inductor. On January 21, 1998 Coilcraft filed a one count amended complaint against Inductor. Coilcraft alleged that Inductor was holding itself out as an authorized Coilcraft distributor. Second, Coilcraft alleged that Inductor was engaging in "bait and switch" sales tactics, i.e. substituting non-Coilcraft parts for customers who ordered and believed they were receiving Coilcraft parts from Inductor. The parties have engaged in extensive discovery. No date for the completion of discovery has been set. Coilcraft now seeks leave to filed its second amended complaint which sets forth four counts.

In Count I Coilcraft seta forth a claim for infringement of its federal trademark alleging that Inductor's sale of products infringed on the Coilcraft trademark and violates Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), as such sale of products is likely to cause confusion, mistake and deception among the general purchasing public, and is likely to deceive the public into believing Inductor's products are associated with, or are otherwise authorized by Coilcraft. In Count II Coilcraft alleges that Inductors' misappropriation and use of Coilcraft's trademark falsely suggests to the general public the origin and source of Coilcraft's products and creates a likelihood of confusion by the ultimate purchasers of such products, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III sets forth a claim for trademark infringement under Illinois law and Count IV unfair competition under Illinois law. Count V alleges

2

violations of Illinois' Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505/2 and Count VI alleges violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/2.

Coilcraft filed its first motion to compel on July 20, 1999. After unsuccessfully attempting to resolve discovery disputes relating to Coilcraft's most recent discovery served on September 28, 1999. Coilcraft filed its second motion to compel on November 16, 1999. The first motion to compel was denied as moot by Judge Shadur on September 7, 1999. The second motion to compel is pending before the Court.

During the course of discussions between the parties on these discovery disputes, it became apparent that the parties differ in their interpretations of the scope of the First Amended Complaint. It is Coilcraft's belief that the allegations of trademark infringement and unfair competition in its amended complaint are broad enough to include its claims for false advertising relating to Inductor's advertisements for its private label components and claims for trademark infringement and unfair competition in the sale of non-conforming Coilcraft components by Inductor. Coilcraft claims that it had no knowledge of a number of Inductor's wrongful acts at the time it filed its First Amended Complaint, some of which Inductor allegedly commenced after the filing of the Coilcraft's Amended Complaint, and which Coilcraft only became aware of during the course of discovery. On the other hand, Inductor asserts that the Amended Complaint does not sufficiently plead a cause of action for these acts, and it, therefore, objects to certain of the discovery now at issue as seeking information and documents outside the scope of the First Amended Complaint.

## **DISCUSSION**

Rule 15(a) allows for the amendment of pleadings upon leave of Court and declares that

3

this leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court recognized in *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 223, 9 L. Ed.2d 222 (1962), "this mandate is to be heeded." *Id* at 182. Although the decision of whether to grant or deny leave is ultimately left to the trail court's discretion, the Seventh Circuit has held that leave to amend pleadings should be liberally granted. See *King v. Cooke,* 26 F. 3d 720, 722-24 (7th Cir. 1994), *cert. denied,* 514 U.S. 1023 (1995). Courts should deny a request to amend a complaint where there is undue delay; bad faith or dilatory motive of the part of the movant; repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the proposed amendment. See *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F. #d 1074, 1085 (7th Cir. 1997) (citing, inter alia *Forman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also *Orix Credit,* 125 F. 3d at 480 (citing *Ferguson v. Roberts,* 11 F. 3d 696, 706 (7th Cir. 1993).

Inductor sets forth three reasons as to why Coilcraft's motion to amend it's complaint a second time should be denied: undue delay, bad faith and prejudice. In addition, Inductor seeks reimbursement of expenses for previous unnecessary expenses if the second amendment is in fact allowed.

## Undue Delay

As far as delay goes, Coilcraft's motion for leave to file its second amended complaint was filed on December 3, 1999, almost two years after filing its first amended complaint and eighteen months after Inductor answered the amended complaint on March 23, 1998. Coilcraft claims that it had no knowledge of these wrongful acts, some of which Inductor commenced

4

after the filing of the Amended Complaint, at the time it filed its First Amended Complaint,. Inductor points out, however, that in its answers to written discovery back in the middle part of 1998, Coilcraft was put on notice of the facts related to these new claims. Inductor's written answers to Interrogatory No's 2 and 3 indicate that Coilcraft products were purchased from approximately 100 brokers, dealers and distributors and that all of Coilcraft's products sold by Inductor were new at the time of sale. Answer to Interrogatory No. 4 reveals that the Electronic Source Book is the catalogue that refers to Coilcraft's products. This Electronic Source Book reveals that Central Technologies (Inductor's private label components) products were being advertised to be equivalent to Coilcraft's products. (Exhibit #C00001).

While a review of this Exhibit #C00001 clearly reveals that Inductor was in fact advertising its private products to be equivalent to Coilcraft's products it does not disclose any information as to trademark infringement, the deceptive practices and the consumer fraud issues. Although it is arguable that Coilcraft should have been aware of this equivalent theory more than a year ago, we cannot conclude that failure to previously amend constitutes undue delay because in many respects these new allegations clarify the nature of Coilcraft's claims in the First Amended Complaint and the various forms of liability involve significant and material overlap of Coilcraft's initial claims. Inductor cites to *Chaveriat v. Williams Pipe Line*, 11 F. 3d 1420 (7th Cir. 1993), to support its argument that Coilcraft's second motion to amend should be denied. We agree that *Chaveriat* is distinguishable from the facts here. In *Chaveriat*, the plaintiff's original complaint sought damages for a gasoline spill that occurred in 1944. *Id.* at 1423. Subsequently, the plaintiff sought to amend the complaint to include a claim for damages resulting from an entirely separate alleged spill of diesel fuel that occurred a year later. *Id.* at

5

1426-7. Finding that the two occurrences related to two completely different torts and that the new claim was a weak one at best, our Court of Appeals affirmed the district court's denial of leave to amend. Here, Coilcraft's second amended complaint claims are very much related to the claims it set forth in its First Amended Complaint and the consumer fraud and deceptive practices act claims are a logical extension of such. Thus, we find that Coilcraft did not unduly delayed filing its second motion to amend its complaint.

### Bad Faith

Inductor argues that Coilcraft has acted in bad faith because it has known about how Inductor acquires its products and the nature of Inductor's advertisements for quite some time. We disagree. Coilcraft has introduced relevant evidence to support its request to amend it's complaint and has never mischaracterized the nature of the lawsuit. The record reveals that it has made reasonable inquiry into the facts supporting its cause of action. Therefore, we cannot conclude that Coilcraft has acted in bad faith.

### Undue Prejudice

We turn to the next question, whether the granting of Coilcraft's motion to amend would unduly prejudice Inductor. Other than arguing in a very conclusory fashion that permitting this amendment will require Inductor to both respond to and initiate discovery and it will significantly delay the trial, Inductor fails to demonstrate that permitting leave to second amend will unduly prolong discovery. Although Coilcraft did take the Rule 30(b)(6) deposition in January of 1999, that deposition was not comprehensive in that Inductor failed to provide its sales and revenue information. Since then Inductor has refused to allow Coilcraft to take three

additional depositions. Moreover, Inductor has not taken any depositions in this case nor has a discovery cut off date been set or violated. Based upon the record before us, we are not convinced that granting Coilcraft's motion, even at this late date, would so unduly prejudice Inductor so as to require us to deny Coilcraft's motion for leave to amend its complaint.

**Inductor's Request For Attorney's Fees**

Inductor's request for attorneys fees as to discovery it has already conducted is denied without prejudice. If Coilcraft attempts to do unnecessarily duplicate discovery sanctions will be imposed and it will be ordered to pay Inductor for the costs related to the unnecessary expenses.

## CONCLUSION

For the reasons set forth above, Coilcraft's motion to amend its complaint a second time is granted. Inductor's motion for attorney's fees is denied without prejudice (#38-1).

**SO ORDERED**                              ENTERED: 5/1/00

HON. RONALD A. GUZMAN
**United States Judge**