

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

COILCRAFT, INC.,                    )
                                    )
    Plaintiff,                 )
                                    )
                                    )        **98 C 140**
    v.                         )
                                    )        **Judge Ronald A. Guzmán**
INDUCTORS, INC.,                    )
                                    )
    Defendant.                 )


## MEMORANDUM OPINION AND ORDER

In April 2002, the parties settled this trademark dispute and the Court entered a consent judgment. In February 2007, plaintiff moved for a finding that defendant was in contempt of court for violating the permanent injunction embodied in the judgment. The Court referred the matter to Magistrate Judge Cole, who has issued a Report and Recommendation ("R&R") recommending that plaintiff's motion be granted. The case is before the Court for a ruling on defendant's objections to the R&R. For the reasons set forth below, the Court overrules the objections and adopts the R&R in its entirety.


## Discussion

Federal Rule of Civil Procedure 72 instructs the Court to "make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b). The Court may "accept, reject,

or modify the recommended decision, receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As Magistrate Judge Cole noted, the Court has the power "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Violation of a consent judgment is, like violation of any other court order, punishable by contempt. *Balark v. City of Chi.*, 81 F.3d 658, 662 (7th Cir. 1996). Defendant can be held in contempt, however, only if plaintiff proves by clear and convincing evidence that defendant "violated an order that sets forth in specific detail an unequivocal command from the court." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001); *United States v. Berg*, 20 F.3d 304, 311 (7th Cir. 1994).

In relevant part, the consent judgment provides:

5(a): [Defendant] shall permanently refrain from suggesting that it is affiliated with or an authorized distributor of Coilcraft products and refrain from suggesting that it is selling new Coilcraft product that is obtained directly from Coilcraft. However, [defendant] may advertise and promote the fact that it sells Coilcraft products so long as such advertising and promotion is consistent with the terms of this Consent Judgment.

5(b): [Defendant] shall prominently state in all of its advertising and promotion that refers to Coilcraft, including product information materials, packaging containing Coilcraft product, [defendant]'s website, and [defendant]'s catalogue, that [defendant] is not an authorized Coilcraft distributor and is not affiliated with Coilcraft in any way.

5(c): [Defendant] shall prominently state in all of its advertising and promotion that refers to Coilcraft, including product information materials, packaging containing Coilcraft product, [defendant]'s website, and [defendant]'s catalogue, that [defendant] does not purchase product directly from Coilcraft and [defendant] purchases surplus or secondary Coilcraft product from others and then resells it. This provision shall only

2

> be required for Coilcraft product sold by [defendant] that is not purchased directly from Coilcraft or its authorized representatives, with the knowledge by Coilcraft or its representatives that such components are being obtained for the benefit of [defendant].

(R&R at 2 (quoting 4/8/02 Consent J.).) Plaintiff asserts that defendant violated these provisions by: (1) failing to include a prominent disclaimer of affiliation with Coilcraft in its advertising; (2) suggesting in its advertising that defendant is affiliated with Coilcraft; and (3) failing to use the specific disclaimer language required by the consent judgment. The Magistrate Judge found that plaintiff had proven the first two assertions but not the last, and recommended that defendant be held in contempt for its violations of the consent judgment.

Defendant maintains that the Magistrate Judge: (1) applied the wrong burden of proof, and thus incorrectly found that: (a) defendant's advertising does not prominently disclaim a relationship with Coilcraft; and (b) suggests that such a relationship exists; (2) failed to address two of defendant's defenses; and (3) failed to hold an evidentiary hearing. The Court agrees with Magistrate Judge Cole on all fronts.

## Burden of Proof & Findings

Clear and convincing evidence in the contempt context is "that weight of proof which produces . . . a firm belief or conviction as to the truth of the allegations sought to be established." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (quotation omitted). Defendant contends that plaintiff's evidence with respect to the advertisements it challenges – the 2007 Electronics Source Book ("ESB") ad, the

3

electronically disseminated ad, and the "Manufacturer Lines Supported" portion of defendant's website – fall short of that mark.

The Court disagrees. As the Magistrate Judge found, it is plain from the face of the contested advertisements that defendant has not prominently disclaimed an affiliation with plaintiff, as the consent decree requires. (R&R at 13-18.) As Judge Cole noted, the plain meaning of "prominent" is "standing out so as to be seen easily; conspicuous; particularly noticeable." (*Id.* at 13; http://dictionary.reference.com/browse/prominent.) The affiliation disclaimer is anything but that. In the 2007 ESB advertisement and the ad disseminated electronically, the disclaimer appears in minuscule, easily-missed type at the bottom of the page. (*See* Pl.'s Mot., Exs. B & C.) On defendant's website, the disclaimer does not appear at all on the "Manufacturer Lines Supported" page. (*See id.*, Ex. D; www.inductor.com/specs.asp.) Rather, it appears on a separate page and only if the viewer clicks on the word "Coilcraft." (*Id.*) In short, there is nothing erroneous about the Magistrate Judge's conclusion that plaintiff proved by clear and convincing evidence that defendant violated the prominent disclaimer provision of the consent decree.

Defendant also attacks Judge Cole's conclusion that plaintiff adequately proved it violated the decree by running ads that "suggest[] . . . it is affiliated with or an authorized distributor of Coilcraft products [or] . . . is selling new Coilcraft product that is obtained directly from Coilcraft." (*See* R&R at 2 (quoting 4/8/02 Consent J. ¶ 5(a)).) The plain meaning of the word "suggest," as the Magistrate Judge noted, is "to mention or introduce" or to "bring before a person's mind indirectly or without plain expression."

4

(*Id.* at 10 n.4; http://dictionary.reference.com/browse/suggest.) In the contested ESB advertisement, the words "Stocking Distributor for" appear directly above "Coilcraft," with, as noted above, the tiny disclaimer at the bottom. (*See* Pl.'s Mot., Ex. B.) That combination, Judge Cole found, suggested that there is a relationship between plaintiff and defendant. (R&R at 10-12.)

Defendant says that the Magistrate Judge's conclusion cannot be sustained if the ad is viewed in the context of the ESB as a whole. (*See* Def.'s Resp. Mot. Finding Contempt, Ex. C, Weber Aff., Exs. 1-10.) For example, defendant says, in the South Atlantic version of the ESB for the years 2003-2006, the locally authorized distributors are identified by a "+" symbol or the notation "AUTH" next to their names. (*See id.*, Ex. 5.) Moreover, plaintiff has ads of its own in each that say "We have *no* distributors" or that plaintiff is "[y]our only source for GENUINE Coilcraft parts." (*See id.*) Read in light of the overall contents of the ESB, defendant maintains, the challenged ad contains no prohibited suggestion.

The Court disagrees. Though the contested ad says "Inductors Inc." at the top, it is dominated by the word "Coilcraft," which appears in much larger type in the ad's center. (*See* Pl.'s Mot., Ex. B.) Moreover, "Coilcraft" is preceded by the phrase "Stocking Distributor for" and, though it is followed by an asterisk that leads to the disclaimer, the disclaimer is so small that it is virtually unreadable. (*See id.*) The suggestive nature of that ad is not dispelled by the "+" or AUTH symbols, which are meaningful only if a customer seeks out the tiny key that appears at the bottom of some,

5

but not all, of the ESB pages, or simultaneously reads Coilcraft's ads. In short, Judge Cole's conclusion with respect to the 2007 ESB ad is completely sound.

Defendant says the Magistrate Judge also reached the wrong conclusion about the electronically disseminated ad, which says:

We Have The In Demand

**Coilcraft 0201CS**
**Wire-wound Series!**
In Stock And Ready To Ship Today!

All Values Are Available For
Immediate Delivery!

Call Now And Order Yours Before They Are Gone!
**800-503-6793,**

with the small disclaimer appearing at the bottom. (*Id.*, Ex. C.) The Magistrate Judge said the ad was improper because it "strongly suggests an affiliation with Coilcraft sufficiently close and formalized that Inductor had available for immediate delivery an apparently hot item." (R&R at 11.) Defendant says that conclusion is erroneous because that ad "merely explained to consumers that this specific Coilcraft product is available through Inductors." (Objs. at 8.)

Once again, the Court agrees with Judge Cole. Defendant was not, as it asserts, merely using a brand name to advertise a product. Rather, the ad plainly implies that defendant is stocked up on the latest, highly sought-after Coilcraft products that are not available elsewhere. Like the Magistrate Judge, this Court finds that the ad nearly compels the inference that defendant has a business relationship with plaintiff.

6

The Court also agrees with Judge Cole that defendant's website violates the decree. As noted above, the disclaimer does not appear at all on the "Manufacturer Lines Supported" page on which Coilcraft is listed. (*See id.*, Ex. D; www.inductor.com/specs.asp.) Moreover, the fact that the disclaimer can be obtained by clicking the name does not dispel the suggestion of relationship created by that page.

**Failure to Address Defenses**

Another error plaintiff contends Judge Cole committed was failing to address its substantial compliance defense. Though the Magistrate Judge may not have used the words "substantial compliance," the whole thrust of his R&R is that defendant did not make a good faith effort to comply with the decree. "[T]o prove good faith substantial compliance, [defendant] must demonstrate that it took all reasonable steps within its power to comply with the court's order." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997) (alteration and quotation omitted).

The record shows that defendant did nothing of the sort. The ads defendant published in the South Atlantic ESB between 2003 and 2007 are instructive. (*See* Def.'s Resp. Mot. Finding Contempt, Ex. 5.) In 2003, the year after the consent decree was entered, the ad does not identify defendant as a "Stocking Distributor for" Coilcraft, and the disclaimer, though in small print, is easily read. (*See id.*) As the years pass, however, the disclaimer gets smaller and smaller and the word "Coilcraft" gets larger and larger until, by 2007, "Coilcraft" dominates the ad, the disclaimer is virtually unreadable and

7

defendant is identified as the "Stocking Distributor for" Coilcraft. (*Id.*) The same trend can be seen in the ads defendant put in the nine other versions of the ESB as well. (*See id.*, Ex. 1 (2002-05 Mid-Atlantic); *id.*, Ex. 2 (2002-07 Midwest); *id.*, Ex. 3 (2002-05 Northern California); *id.*, Ex. 4, (2002-07 Southern California); *id.*, Ex. 6 (2003-07 Central States); *id.*, Ex. 7 (2003-05 New England); *id.*, Ex. 8 (2003-05 Northwest); *id.*, Ex. 9 (2003-05 Mountain States); *id.*, Ex. 10 (2003-05 Canada).)

Moreover, as the Magistrate Judge noted, defendant's responses to plaintiff's complaints about its advertising hardly show the spirit of compliance. (*See* R&R at 3-4.) Plaintiff first complained to defendant that its web page violated the decree in a letter dated March 20, 2006. (Pl.'s Mot., Ex. E, Letter from Fink to Borcia of 3/20/06.) Nearly four months passed before defendant responded, saying only: "In response to your letter of March 20, 2006, my client disagrees with your assertions in your letter. I assume this matter has now been resolved. If not, please contact me at your earliest convenience." (*Id.*, Ex. F, 7/3/06 Letter from Borcia to Fink of 7/3/06.) Plaintiff complained again in October, a complaint that defendant ignored, and in November 2006, when it threatened these proceedings. (*Id.*, Ex. G, Letter from Fink to Borcia of 10/11/06 & H, Letter from Fink to Borcia of 11/9/06.) The November letter drew a response, seeking further information, which plaintiff provided the next day. (*Id.*, Ex. I, Email from Borcia to Fink of 11/10/06 & J, Letter from Fink to Borcia of 11/11/06.) Defendant's silence thereafter prompted plaintiff to file this motion.

Viewed together, the progression of defendant's advertisements and its conduct toward plaintiff demonstrate that defendant tried to evade, not comply with the decree.

8

Moreover, though he did not use the words "substantial compliance," it is clear from the record and the R&R that Judge Cole considered, and properly rejected, defendant's substantial compliance defense.

Defendant also takes issue with Judge Cole's rejection of its laches defense. A laches defense "consists of two elements: (1) a lack of diligence by the plaintiff, and (2) prejudice [to defendant] resulting from the delay." *Zelazny v. Lyng*, 853 F.2d 540, 541 (7th Cir. 1988) (quotation omitted). The Magistrate Judge said proof of both elements was missing. (*See* R&R at 20-22.)

Once again, the Court agrees. As Judge Cole noted, the delay of which defendant complains is the five years between 2002, when the consent decree was entered, and 2007, when this motion was filed. But, as discussed above, defendant's compliance with the decree eroded over time. In the 2003 ESB ad, for example, the disclaimer was easily read and the word "Coilcraft" was not the dominating element. (*See* Def.'s Resp. Mot. Finding Contempt, Exs. 1-10.) In the 2004-2006 ads, the disclaimer was smaller and the word "Coilcraft" was more prominent, but no more so than defendant's name, below which appeared the words "An Independent Distributor." (*See id.*) By 2007, however, defendant had further enlarged the word "Coilcraft" and used the phrase a "Stocking Distributor for" in lieu of "An Independent Distributor." (*See* Pl.'s Mot., Ex. B.) Thus, as Magistrate Judge Cole found, plaintiff had no reason to act immediately after the

9

decree was entered and, once there was a reason, plaintiff did so with reasonable dispatch.[1]

The Magistrate Judge also correctly concluded that there was no evidence of prejudice. In fact, defendant devoted only one page of its response to the laches argument and discussed only the delay element. (*See* Def.'s Resp. Pl.'s Mot. Finding Contempt at 13-14.) The Magistrate Judge can hardly be faulted for failing to consider evidence defendant did not submit.

## Failure to Hold a Hearing

Defendant contends Judge Cole also erred by failing to hold an evidentiary hearing. Our court of appeals disagrees: "[A] federal civil contempt proceeding is a civil proceeding governed by the rules of civil procedure. Those rules entitle a party to an evidentiary hearing only if there are genuine issues of material fact." *Berg*, 20 F.3d at 310 (quotation and alterations omitted). In this case, there are no genuine issues of material fact. The language of the consent decree and the contents of the ads are undisputed. The only dispute is whether those ads comport with the plain meaning of the decree, a matter of law for which no further evidence is required. *See Dean Mgmt., Inc. v. TBS Constr., Inc.*, 790 N.E.2d 934, 939 (Ill. App. Ct. 2003) (when contract language is clear and unambiguous, construction of the contract is a matter of law . . . .").

---

[1] Indeed, if plaintiff is guilty of anything, it is giving defendant the benefit of the doubt, not sitting on its rights.

## **Conclusion**

For the reasons set forth above, defendant's objections [doc. no. 127] to Magistrate Judge Cole's R&R [doc. no. 126] are overruled, and the Court adopts the R&R in its entirety. Plaintiff's motion for a finding of contempt [doc. no. 108] is granted. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to submit a proposed order reflecting the Court's decision, documentation of the attorney's fees and costs plaintiff expended prosecuting this motion, and proposals for and documentation in support of any other remedial fine to be imposed.

**SO ORDERED.**          **ENTERED:**    9/13/07


**HON. RONALD A. GUZMAN**
**United States District Judge**